IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN FAITH (BERRYMAN) PARR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0411-K |
| | § | |
| ROBERT KEITH RAMSEY, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Robert Keith Ramsey and Don Cates have filed a motion for summary judgment in this *pro se* civil rights action brought under 42 U.S.C. § 1983. For the reasons stated herein, the motion should be granted.

I.

On January 7, 2005, Robert Keith Ramsey, a Kaufman County deputy sheriff, obtained a warrant to search the residence of Plaintiff Susan F. Parr in Warsaw, Texas. (*See* Def. MSJ App. at 002). The search warrant was issued by a state district judge based on information provided to Ramsey by a confidential informant that plaintiff possessed unspecified stolen property, three to four ounces of methamphetamine, one-half pound of marijuana, materials used to manufacture methamphetamine, and approximately 60 to 70 handguns at her mobile home. (*Id.* at 003-004). At Ramsey's request, the informant also purchased a small amount of methamphetamine and marijuana from plaintiff in a "controlled buy." (*Id.* at 004-005). A day or two after this drug transaction, plaintiff told the informant that she "was going to cook more dope tonight and that she had already reuped with more crystal meth." (*Id.* at 005).

Ramsey and eight unidentified members of the Kaufman County SWAT team executed the search warrant at around 6:30 a.m. on January 8, 2005.  According to the police report, officers located plaintiff and her male companion, Cody Cole, in the master bedroom of the residence and brought them to the living room where they were advised of their *Miranda* rights.  (*Id.* at 007).  After securing the premises, the officers began their search.  Among the items seized from the residence were four baggies of crystal methamphetamine, a set of scales, miscellaneous drug paraphernalia, chemicals used to manufacture methamphetamine, numerous firearms, and $1,467 in cash.  (*Id.* at 007-008).  Officers also discovered marijuana and a stolen four-wheeler outside the mobile home.  (*Id.* at 008).

Plaintiff and Cole were arrested on state drug charges and possession of stolen property.  (*Id.*).  Shortly after she was booked into the Kaufman County Jail, plaintiff was "arraigned" by Don Cates, a justice of the peace.  On March 1, 2005, plaintiff sued Ramsey and Cates in federal district court.[1]  Although plaintiff alleges multiple violations of her civil rights, the gravamen of her complaint is that Ramsey lacked probable cause to enter her property, conducted an illegal search, failed to properly identify himself as a police officer, did not give her *Miranda* warnings, and fabricated the search warrant to cover-up a scheme to confiscate her property.  (*See* Plf. Orig. Compl. at 2-7).  Plaintiff accuses Cates of conducting a "secret" arraignment, denying her access to counsel, and violating her right to due process.  (*Id.* at 7).  By this suit, plaintiff seeks $2.5 million in damages.  (*Id.* at 8).

---

[1] Plaintiff also asserts claims against "eight unidentified members of the Kaufman County task force." (Plf. Compl. at 1-2).  However, the federal rules make no provision for joining fictitious or unidentified defendants in an action under a federal statute.  *See Gray v. Thompson*, No. 3-01-CV-1190-K, 2002 WL 1544867 at *3 (N.D. Tex. Jul. 10, 2002) (Kaplan, J.) (citing cases).

Defendants now move for summary judgment on the grounds that plaintiff cannot establish an underlying constitutional violation or a cognizable legal injury and that they are immune from suit in their individual and official capacities. The issues have been fully briefed by the parties and the motion is ripe for determination.

## II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A summary judgment movant who does not have the burden of proof at trial must point to the absence of a genuine fact issue. *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). The verified pleadings of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(e).[2]  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir.

---

[2]  Rule 56(e) provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

FED. R. CIV. P. 56(e).

1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993). However, conclusory statements, hearsay, and testimony based on conjecture or subjective belief are not competent summary judgment evidence. *Topalian*, 954 F.2d at 1131.

A.

Plaintiff alleges that Ramsey lacked probable cause to enter her property because the warrant was back-dated, did not sufficiently describe the property to be seized, and was based information provided by an unreliable informant. Although plaintiff speculates that the warrant was issued after the search was conducted, the summary judgment evidence shows otherwise. In his affidavit, Ramsey states that he applied for and obtained a search warrant on January 7, 2005. (*See* Plf. MSJ App. at 001, ¶¶ 2 & 6). This testimony is corroborated by the search warrant affidavit and the warrant itself, both of which are part of the summary judgment record. The affidavit was signed by Ramsey in the presence of a state district judge on January 7, 2005. (*Id.* at 005). The judge issued the warrant at 5:11 p.m. that day. (*Id.* at 002). According to the police report, Ramsey and members of his SWAT team executed the warrant at plaintiff's residence at 6:30 a.m. on January 8, 2005. (*Id.* at 007). This evidence shows that Ramsey had a valid search warrant issued by a state district judge after finding probable cause. Plaintiff's conclusory and speculative assertion that the "search warrant never existed untill [sic] two weeks after the fact" is insufficient to create a fact issue for trial. *See Bryant v. Orndorff*, No. 5-04-CV-215-C, 2005 WL 139115 at *4 (N.D. Tex. Jan. 21, 2005) (citing cases) ("Because Defendant conducted his search of Plaintiff's residence pursuant to a valid warrant, his actions of entering the home and seizing the specified property were objectively reasonable under clearly established law.").

Plaintiff further contends that the search warrant was invalid because it did not describe with particularity the property to be seized. In support of this claim, plaintiff relies on *Groh v. Ramirez*, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), which holds that the failure to describe the persons or things to be seized renders a warrant invalid on its face. However, unlike the search warrant in *Groh*, the warrant obtained by Ramsey specifically authorizes the police to enter the premises described in his affidavit "and to there *search for the personal property described in said Affidavit*." (Plf. MSJ App. at 002) (emphasis added). The search warrant affidavit submitted by Ramsey seeks authority to search plaintiff's residence and seize "methamphetamine, road flares, coffee filters, iodine and marijuana." (*Id*. at 003, ¶ 3). Thus, *Groh* does not control.

Nor has plaintiff shown that the confidential informant was unreliable. To the contrary, the summary judgment evidence shows that Ramsey verified much of the information provided by the informant before obtaining a search warrant. In particular, Ramsey confirmed that plaintiff occupied the premises by checking county appraisal records, observing her truck in the driveway, and running her license plate number through a state motor vehicle data base. (*See id.* at 004). Ramsey also verified that the informant was a former police officer with no prior criminal history and was trustworthy. (*See id.* at 001, ¶ 4). Even if the informant was a former drug user with history of mental problems and financial difficulties who had a personal vendetta against plaintiff, as alleged by plaintiff in her unverified response, there is no evidence that such information was known by Ramsey or intentionally omitted from his affidavit. *See Franks v. Delaware*, 438 U.S. 154, 171-72, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978) (Fourth Amendment prohibits police officer from knowingly, intentionally, or recklessly making false statements or omitting material facts from affidavit); *Hale v. Fish*, 899 F.2d 390, 400 (5th Cir. 1990) (same). Without such evidence, plaintiff cannot challenge the validity of the search warrant.

B.

Plaintiff also complains that Ramsey violated her constitutional rights by entering her home without identifying himself as a police officer. In general, the Fourth Amendment requires law enforcement to knock on the door and announce their presence before executing a search warrant. *See Richards v. Wisconsin*, 520 U.S. 385, 387, 117 S.Ct. 1416, 1418, 137 L.Ed.2d 615 (1997). One purpose of this rule, which applies in both civil and criminal contexts, is to protect the privacy of occupants and give them an opportunity "to pull on clothes or get out of bed." *Id.*, 117 S.Ct. at 1421 n.5. However, such an announcement is not required where the police "have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime[.]" *Id.* at 1421. As the Fifth Circuit has observed, "the Fourth Amendment's reasonableness standard is not violated merely because, in cool hindsight, it appears that government officials could have executed a warrant less intrusively." *Linbrugger v. Abercia*, 363 F.3d 537, 542 (5th Cir. 2004), *citing United States v. Sharpe*, 470 U.S. 675, 686-87, 105 S.Ct. 1568, 1575-76, 84 L.Ed.2d 605 (1985). Instead, "reasonableness" must be judged in light of often rapidly unfolding circumstances, viewed from the perspective of the officer. *Id.*, *citing United States v. Banks*, 540 U.S. 31, 39, 124 S.Ct. 521, 527, 157 L.Ed.2d 343 (2003).

In his search warrant affidavit, Ramsey stated that it would be "dangerous and futile for law enforcement to knock and announce there [sic] presence" in light of information provided by the confidential information that plaintiff had multiple weapons and surveillance equipment on the premises. (*See* Plf. MSJ App. 5). Under these particular and articulated circumstances, Ramsey had grounds to seek a "no knock" warrant and execute the warrant without announcing his presence. *See Mason v. Lowndes County Sheriff's Dep't*, No. 03-60549, 106 Fed.Appx. 203, 208, 2004 WL

1540766 (5th Cir. Jul. 8, 2004) (noting that "the fact that people associated with drugs often carry weapons should be considered when deciding the reasonableness of a no-knock entry").

### C.

Next, plaintiff alleges that Ramsey failed to give her *Miranda* warnings when she was being held in the living room while the search was conducted. The court initially observes that the police report indicates that a SWAT team member gave *Miranda* warnings to both plaintiff and Cody Cole. (*See* Plf. MSJ App. at 007). Plaintiff has failed to controvert that evidence in a sworn pleading or affidavit. Moreover, the failure to give *Miranda* warnings, by itself, does not give rise to a constitutional violation. Rather, such a violation occurs, if at all, "only upon the admission of unwarned statements into evidence at trial." *United States v. Patane*, 542 U.S. 630, 124 S.Ct. 2620, 2629, 159 L.Ed.2d 667 (2004). *See also Murray v. Earle*, 405 F.3d 278, 285 n.11 (5th Cir. 2005), *pet. for cert. filed*, (U.S. Aug. 1, 2005) (No. 05-396); *Manzanares v. Isenberg*, No. 3-03-CV-0649-D, 2003 WL 21529430 at *2 (N.D. Tex. Jul. 1, 2003). Here, plaintiff fails to allege, much less prove, that any statements made to police officers have been used against her. Consequently, this claim fails as a matter of law.

### D.

Nor can plaintiff maintain a civil rights action for the wrongful confiscation, loss, or destruction of her property. The intentional deprivation of property is not actionable under section 1983 unless plaintiff can show that state remedies are inadequate. *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981); *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir.), *cert. denied*, 117 S.Ct. 359 (1996). Because Texas provides an adequate post-deprivation remedy, plaintiff cannot maintain a federal civil rights action for the loss or destruction of her

property. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (plaintiff has cause of action for conversion under Texas law).

E.

Finally, plaintiff sues Don Cates, a state justice of the peace, for conducting a "secret" arraignment, denying her access to counsel, and violating her right to due process. These claims fail for at least two reasons. First, judges are immune from suit for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). Second, a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000). Such a determination has not yet been made by any court.[3] Therefore, Cates is entitled to summary judgment.

## RECOMMENDATION

Defendants' motion for summary judgment should be granted and this case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

---

[3] After this civil rights action was filed, plaintiff and Casey Cole were indicted by federal grand jury on one count of possession with intent to distribute 609 grams of methamphetamine and one count of possessing 27 firearms in furtherance of a drug trafficking crime. *United States v. Susan Faith Garner a/k/a Susan Parr*, No. 3-05-CR-252-N. Arrest warrants for plaintiff and Cole were issued on October 4, 2005.

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE